UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* SUBPOENA to Ginkgo Bioworks, Inc.<br><br>Served in related case:<br><br>D. Del. Case No. 22-311 (WCB)<br><br>IMPOSSIBLE FOODS INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>MOTIF FOODWORKS, INC.,<br><br>                Defendant. | Case No. \_\_\_\_ |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO FILE UNDER SEAL**

Ginkgo Bioworks, Inc. ("Ginkgo") moves to seal Ginko's Memorandum of Law in Support of Its Motion to Partially Quash and certain exhibits attached to the Declaration of Nathaniel R. Mendell. These documents identify proprietary yeast strains that Ginkgo treats as highly confidential trade secrets in addition to other highly confidential and protected information, including information designated as highly confidential by other parties. Additionally, the Memorandum specifically discusses the parties' view and analysis of their trade secrets, as well as their disagreement as to how those trade secrets should be treated in light of the subpoena that Impossible Foods Inc. has served on Ginkgo (the "Impossible Subpoena"). Unauthorized disclosure of this information, including the identity of the yeast strains, which provide Ginkgo with a competitive advantage, could cause Ginkgo or to suffer irreparable harm. Other parties may also be injured by disclosure of material that they have designated as confidential and that Ginkgo believes is relevant to its motion.

As the First Circuit has held, the common law presumption of access to judicial records is "not absolute." *Gitto v. Worcester Telegram & Gazette Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). Indeed, in light of the fact that "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access," *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998), a party may overcome this presumption by demonstrating that "good cause" exists to file documents and other material under seal, *Dunkin Donuts Franchised Restaurants, LLC. v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

In determining whether good causes exists, a court, in turn, must weigh the presumption in favor of public access against a party's "competing private interests." *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Courts have routinely concluded that the presumption in favor of public access can be overcome where the disclosure of documents and other information "might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, sealing is appropriate where a party demonstrates that a cognizable harm may result absent sealing or impoundment. *See Fed. Trade Comm'n*, 830 F.2d at 411–12; *Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 225 (D. Mass. 2012).

Here, the proprietary business information, including the identity of the yeast strains about which the Impossible Subpoena seeks information, are the product of Ginkgo's significant investment of time and money into research and development, and the strains have helped Ginkgo establish a competitive advantage in the market. The identity of such strains, alone, could cause Ginkgo irreparable harm, in part because the yeast strains can be easily replicated using known biotechnology techniques, as discussed in Ginkgo's Motion to Partially Quash. Ginkgo's proposed sealing is limited and narrowly tailored to only the documents and information that is necessary to

protect Ginkgo's legitimate business interests and to acknowledge the confidentiality determinations made by the parties to the underlying litigation ongoing in Delaware.

In accordance with the Local Rules, Ginkgo respectfully requests permission to file the aforementioned documents under seal. It further requests that the documents be impounded until final resolution of this matter between the parties, at which time the documents will be retrieved by counsel for Ginkgo.

Dated: June 15, 2023

Respectfully submitted,

*/s/ Nathaniel R. Mendell*
Nathaniel R. Mendell (BBO# 645283)
Morrison & Foerster LLP
200 Clarendon Street
Boston, Massachusetts 02116
Tel: 617-648-4700
Fax: 617-830-0142
nmendell@mofo.com

*Attorney for Non-Party Ginkgo Bioworks, Inc.*

### CERTIFICATE OF SERVICE

I certify that on this 15th day of June 2023, I served a true and correct copy of the foregoing by sending the same via electronic mail and U.S. Mail, postage prepaid and properly addressed to:

Wendy L. Devine
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
wdevine@wsgr.com

*/s/ Nathaniel R. Mendell*
Nathaniel R. Mendell